### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ALABAMA
### NORTHERN DIVISION

| | |
|---|---|
| WILLIAM IVY, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **CIVIL ACTION NO. 2:26-00152-KD-M** |
| ) | |
| BLESS OF GOD, LLC, d/b/a ) | |
| STAY EXPRESS INN AND SUITES, and ) | |
| AKUUL TIWARI, ) | |
| ) | |
| **Defendants.** ) | |

### ORDER

Plaintiff William Ivy pled claims against Defendants Bless of God LLC and Akuul Tiwari pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq.* (doc. 1). He has now filed a Notice of Voluntary Dismissal with Prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i) (doc. 6).

Rule 41 provides that a plaintiff may voluntarily dismiss an action, [s]ubject to … any applicable federal statute", by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment". Fed. R. Civ. P. 41(a)(1)(A)(i).  However, Ivy filed his Complaint pursuant to the FLSA. In that circumstance,

> The FLSA "forbid[s] waiver of basic minimum and overtime wages" or the "employee's right to liquidated damages" under the Act. … That's so, even when parties settle a "bona fide dispute" over coverage. …
>
> To ensure that employers honor that prohibition, we've specified the only way parties may validly settle or compromise a worker's FLSA claims for back wages once an employee files a claim in court. Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1355 (11th Cir. 1982). In that situation, parties must submit to the court a proposed settlement for the district court to review and approve for fairness and reasonableness. Id. at 1353. If the district court approves, it can enter the settlement as a stipulated judgment under Rule 41(a)(2), Fed. R. Civ. P. Id. at

1355. But the law does not permit settlements and stipulations of dismissal without court approval under Rule 41(a)(1)(A). And when district courts mistakenly authorize FLSA back-wage settlements under Rule 41(a)(1)(A) without court review and approval, they risk an employee's practical loss of their earned wages, in frustration of the FLSA—not to mention additional litigation.

. . . Parties may not use Rule 41(a) to dismiss an FLSA action. And when presiding over validly filed FLSA litigation, a court must always conduct a Lynn's Food review of any settlement of FLSA backwage claims that parties have reached. Only if the court approves the settlement as fair and reasonable may it then grant dismissal under Rule 41(a)(2).

O'Neal v. American Sharman Franchise Systems, Inc., 166 F. 4th 1274, 1284-1285, 1291 (11th Cir. 2026) (Circuit Judge Rosenbaum, Concurrence) (footnote omitted).

Accordingly, **Ivy** is **ORDERED** to file, on or before **July 17, 2026**, a supplement to his Notice to advise the Court whether the parties have entered into a settlement agreement as to the FLSA claims.  If so, the parties must submit their settlement agreement for the Court's approval as explained in O'Neal.

**DONE** and **ORDERED** this 8th day of July 2026.

**s/ Kristi K. DuBose**
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**

2