**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **WILLIAM IVY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL ACTION NO. 26-00152-KD-M** |
| | ) | |
| **BLESS OF GOD, LLC d/b/a STAY STAY EXPRESS INN AND SUITES and AKUUL TIWARI,** | ) | |
| | ) | |
| **Defendants.** | ) | |

# ORDER

This action is before the Court on Plaintiff William Ivy's Notice of Dismissal, (doc. 6), and Ivy's Supplement to Notice of Dismissal, (doc. 8). Upon consideration, and for the reasons stated forth herein, the Court is unable to find that the Settlement Agreement is a fair and reasonable resolution of Ivy's FLSA claims. Accordingly, the parties are granted **leave to refile** an amended Supplemental Notice of Dismissal and Settlement Agreement that addresses the Court's concerns **on or before August 31, 2026**.

## I. Factual Background

On April 23, 2026, Plaintiff William Ivy ("Ivy") filed a Complaint against Defendants Bless of God, LLC d/b/a Stay Express Inn and Suites and Akuul Tiwari ("Defendants"). (Doc. 1). Ivy alleges that Defendants violated the Fair Labor Standards Act ("FLSA") 29 U.S.C. § 201, *et seq*. (Id.). Defendant Bless of God operates Stay Express Inn and Suites as a limited liability company. (Id. at ¶ 7). Defendant Tiwari is the General Manager of Stay Express, and by having

operational control of day-to-day business, is considered an employer under the FLSA, 29 U.S.C. § 203(d). (Id. at ¶ 11).

Ivy was employed by Defendants from October 8, 2025 to December 22, 2025. (Id. ¶ 13). Ivy's employment with Defendants was on a full-time basis. (Id.). Ivy worked as a maintenance worker and was on call at all times for emergency situations. (Id. at ¶ 15, 17). Because of the on-call nature of the position, Ivy received contingent lodging at Stay Express Inn and Suites instead of receiving wages. (Id. at ¶ 16). These terms were outlined in the Bartering Agreement between the parties. (Id. at ¶ 15-16).

Ivy claims he worked seven days a week for eight to ten hours each day. (Id. at ¶ 19). This overtime was often required by the Defendants. (Id. at ¶ 25). Ivy claims that he was not paid for his overtime work because his work hours were not recorded and irrelevant to his compensation of lodging. (Id. at ¶ 20, 21). Over the course of his employment, Ivy states that he was given approximately $1,000 in cash "bonuses." (Id. at ¶ 22). These "bonuses" never withheld any taxes. (Id. at ¶ 23). Because of these allegations, Ivy brought one count against Defendants for FLSA violations. (Id. at ¶ 28-43). Ivy requests "the amount of his unpaid wages including minimum wages and overtime wages, plus an additional equal amount as liquidated damages[.]" (Id. at ¶ B).

On June 22, 2026, Ivy filed a Notice of Voluntary Dismissal. (Doc. 6). Since this action is based upon FLSA claims, the Court issued an Order directing Ivy to file a Supplement to his Notice of Dismissal instructing the Court on the settlement of the FLSA claims. (Doc. 7). Ivy filed the Supplemental Notice of Dismissal on July 8, 2026. (Doc. 8).

## II. Statement of the Law

Congress enacted the FLSA to protect employees from unfair working conditions and unfair compensation. Lynn's Food Stores, Inc. v. U.S. By & Through U.S. Dep't of Lab., Emp. Standards Admin., Wage & Hour Div., 679 F.2d 1350, 1352 (11th Cir. 1982). The FLSA provides:

> [a]ny employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages…

29 U.S.C. § 216(b). Additionally, 29 U.S.C. § 216(b) also provides that "... The court…shall, in addition to any judgment awarded to the plaintiff…allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

The Court in Lynn's Food Stores provided two ways a plaintiff can recover back wages under the FLSA. 679 F.2d at 1352-53. The first route is covered under 29 U.S.C. § 216(c), where the Secretary of Labor supervises payment of unpaid wages to employees. Id. If a plaintiff seeks back wages under § 216(c), he forfeits his right to bring a suit for unpaid wages and liquidated damages if the full amount of back wages is received by plaintiff from the employer. Id. at 1353. The second route requires a plaintiff to bring a direct suit against his employer for back wages under 29 U.S.C. § 216(b). Id. Under § 216(b), the parties must present to the district court a proposed settlement, and after reviewing the settlement for fairness and reasonableness of a bona fide dispute, the Court can enter a stipulated judgment. Id. at 1353, 1355. Ivy has moved the Court under § 216(b).

## III. Analysis

### a. Bona Fide Dispute

When an employee works in excess of 40 hours in a week, the FLSA requires the employer to pay the employee at a rate of 1 ½ times the employee's regular wages. Christopher v. SmithKline Beecham Corp., 132 S. Ct. 2156, 2162 (2012) (citation omitted); 29 U.S.C. § 207(a)(1).

Upon review of the Complaint, (doc. 1), and the Supplemental Notice of Dismissal, (doc. 8), the Court finds that a bona fide dispute exists between the parties. Ivy asserts that he regularly worked over 40 hours a week, and was not an employee exempt from the FLSA provisions. (Doc. 1 at ¶ 19, 20, 24). The Supplemental Notice of Dismissal states that in settlement negotiations, Defendants denied the allegations Ivy raised against them and claimed Ivy was an independent contractor – not an employee – and that he was paid more than minimum wage for the occasional duties he performed. (Doc. 8 at p. 1-2). The Supplemental Notice of Dismissal also states that Defendants deny any liability in the allegations against them. (Id. at p. 4). Because of this, the Court finds that a bona fide dispute exists between the parties.

**b. Fair and Reasonable**

The FLSA provides that "[a]ny employer who violates the provision of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages[.]" 29 U.S.C. § 216(b). Even when parties agree that a settlement is fair and reasonable, Lynn's Food Stores requires the Court to assess the settlement agreement for the same. 679 F.2d at 1354. To determine if a settlement agreement is "fair and reasonable" the Court can look at six different factors:

> (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of

> discovery completed; (4) the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel.

Pessoa v. Countrywide Home Loans, Inc., No. 6:06-CV-1419ORLJGG, 2007 WL 1017577 (M.D. Fla. Apr. 2, 2007) (quoting Leverso v. South Trust Bank of Ala., Nat. Assoc., 18 F.3d 1527, 1531 n. 6 (11th Cir.1994)).

There is no evidence before the Court of fraud or collusion. The parties indicate that all parties consulted with counsel about their Agreement. (Id. at p. 4). Further, the parties state in the Agreement, (doc. 8-1), that

> based upon their investigation, and taking into account the sharply contested factual and legal issues involved, the expense and time necessary to prosecute any such claims through trial, the risks and costs of further prosecution of any such claims, the uncertainties of complex litigation, and the substantial benefits to be received pursuant to this Agreement, that a settlement with Defendant on the terms set forth herein is fair, reasonable, and adequate, and in the best interests of the Plaintiff.

(Doc. 8-1 at p. 2). This shows that the parties did their due diligence to investigate the claims and determine the best recovery for Ivy.

Although the parties believe the Agreement to be fair and reasonable, the Agreement between the parties is broader than the FLSA allows. The Agreement contains an impermissible release on Defendants for any other claims Ivy may bring against them in the future. Specifically, the release states:

> For purposes of this Settlement Agreement, "Settled Claims" means and includes any and all claims, demands, actions, causes of action, rights, offsets, liens, or liabilities, whether know[n] or unknown, alleged or not alleged by Plaintiff, suspected or unsuspected, contingent or vested, which Plaintiff now has or may have in the future which were or could have been raised in any legal action against Defendants. Plaintiff hereby waives all relief, legal and equitable, which Plaintiff could have sought in any legal action including, without limitation, back pay, front pay, compensatory damages, punitive damages, tort damages, contract damages, liens, interest, attorney's fees, expenses, costs, injunctive relief (including instatement and reinstatement), and declaratory relief. In connection with this release it is understood that: …Plaintiff is waiving and releasing all rights and claims, including but not limited to those arising under the Fair Labor

> Standards Act, the Americans with Disabilities Act, the Family and Medical Leave Act, the Employee Retirement Income Security Act, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 1981, the Age Discrimination in Employment Act, the Alabama Age Discrimination in Employment Act, the Consolidated Omnibus Reconciliation Act ("COBRA") and the Employee Retirement Income Security Act ("ERISA") and any state law causes of action for fraud, breach of contract, negligence, wantonness, outrage, and invasion of privacy[.]

(Doc. 8-1 at p. 3-4). This release includes a "dizzying array of claims, known and unknown[]" which "courts have found to be an anathema to the FLSA." Moreno v. Regions Bank, 729 F. Supp. 2d 1346, 1350-1352 (M.D. Fla. 2010) (an employer may not "use an FLSA claim (a matter arising from the employer's failing to comply with the FLSA) to leverage a release from liability unconnected to the FLSA[ ]").

> Put simply, in order to be compensated consistent with the FLSA, an employee cannot be compelled to surrender other rights, for doing so undermines the fundamental mandatory nature of the minimum wage and overtime protections of the Act by enabling an employer to extract a price for simply doing what the Act requires.

Briggins v. Elwood TRI, Inc., 3 F.Supp. 3d 1277, 1289 (N.D. Ala. 2014). The release contained in the Settlement Agreement is unfair to Ivy as it "confers an uncompensated, unevaluated, and unfair benefit on the employer." Vela v. Sunnygrove Landscape & Irrigation Maint., LLC, No. 218CV165FTM38MRM, 2018 WL 8576382 *3 (M.D. Fla. Oct. 4, 2018), report and recommendation adopted, No. 218CV165FTM38MRM, 2018 WL 8576384 (M.D. Fla. Nov. 7, 2018) (quoting Moreno v. Regions Bank, 729 F.Supp. 2d 1346, 1352 (M.D. Fla. Aug. 6, 2010)).

An acceptable release under the FLSA is narrow in scope, and only releases "any and all charges, claims, damages, causes of action or lawsuits of the claims specifically pled in this civil action under the FLSA, 29 U.S.C. § 201 et seq., and all claims for damages or attorneys' fees based on any such claims, arising out of, or pertaining in any way to [Ivy's] action against

Defendants." Harris v. Waste Serv. of Ala, LLC, 2017 WL 6498146, *3 (N.D. Ala. Dec. 19, 2017). Therefore, the release would be permissible if narrowed to this scope.

For this reason, the Settlement Agreement cannot be approved at this time. Ivy is granted leave to refile the Supplemental Notice of Dismissal with an Amended Settlement Agreement addressing the Court's concerns.

**c. Attorney's Fees**

The FLSA requires that the "court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). Since the statute requires award of reasonable attorney's fees and costs "in addition" to the amount awarded Ivy, the Court must determine whether the attorney's fees were negotiated separately from the settlement. If they are separately negotiated without regard for the amount awarded to Ivy, then there should not be any conflict of interest or adverse effect upon the Agreement. See Silva v. Miller, 307 Fed. Appx. 349 (11th Cir. 2009) (the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement[]").

Here, the parties did not provide the Court with any insight into how the amount of attorney's fees awarded to Ivy's counsel was determined. The Supplemental Notice of Dismissal claims that Ivy's counsel took a reduction in his fee as would be calculated by the lodestar to ensure Ivy would receive all the damages owed to him. (Doc. 8 at p. 3). Without any documentation to support this claim, the Court cannot determine the reasonableness of the attorney's fees. See McKean v. City of Mobile, No. CV 1:22-00289-KD-N, 2023 WL 5004062, at *5 (S.D. Ala. Aug. 4, 2023) (citing Padurjan v. Aventura Limousine & Transp. Service, Inc., 441 Fed. Appx. 684,

686, (11th Cir. 2011) ("To calculate reasonable attorneys' fees, courts are to consider the number of hours reasonably expended on the litigation, together with the customary hourly rate for similar legal services. These amounts are multiplied together to determine the so-called 'lodestar' " which may then be adjusted "as necessary in the particular case.") (citations omitted)).

Accordingly, Ivy may provide this information when he files the Amended Notice of Settlement and Settlement Agreement to the Court.

**IV. Conclusion**

For the reasons stated above, the parties are granted **leave to refile, on or before August 31, 2026,** an amended Supplemental Notice of Dismissal and Settlement Agreement, which address the Court's concerns.

The parties are advised that the only settlement terms before the Court are the terms specifically identified in Docs. 8 and 8-1. To the extent any other terms exist, they are not included in this Agreement and have not been submitted for approval by the Court.

**DONE** and **ORDERED** this **19th day** of **August 2026.**

**s / Kristi K. DuBose**
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**