**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **WILLIAM IVY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL ACTION NO. 26-00152-KD-M** |
| | ) | |
| **BLESS OF GOD, LLC d/b/a STAY STAY EXPRESS INN AND SUITES and AKUUL TIWARI,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**ORDER**

This action is before the Court on Plaintiff William Ivy's Amended Supplemental Notice of Dismissal and Settlement Agreement. (Doc. 10). Upon consideration, and for the reasons stated below, the Settlement Agreement is **APPROVED** with the exception set out below.

I. **Analysis**[1]

In Plaintiff William Ivy's ("Ivy") Supplemental Notice of Dismissal and Settlement Agreement, (docs. 8, 8-1), the Settlement Agreement released an overly broad array of claims and did not provide any insight into how attorney's fees were negotiated with the parties. The Court granted Ivy leave to amend the Settlement Agreement and refile. (Doc. 9).

**a. Fair and Reasonable Settlement**

The Fair Labor Standards Act ("FLSA") states that "[a]ny employer who violates the provision of section 206 or section 207 of this title shall be liable to the employee or employees

[1] The facts of the case and the bone fide dispute between the parties were established in the Court's August 2026 Order. (Doc. 9).

affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages[.]" 29 U.S.C. § 216(b). "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." Lynn's Food Stores, Inc. v. U.S. By & Through U.S. Dep't of Lab., Emp. Standards Admin., Wage & Hour Div., 679 F.2d 1350, 1353 (11th Cir. 1982). The purpose of scrutinizing the settlement agreement for fairness is "to ensure that employees have received all uncontested wages due and that they have received a fair deal regarding any additional amount that remains in controversy." Crabtree v. Volkert, Inc., No. CIV.A. 11-0529-WS-B, 2013 WL 593500 *3 (S.D. Ala. Feb. 14, 2013) (quoting Hogan v. Allstate Beverage Co., 821 F. Supp. 2d 1274,1282 (M.D. Ala. 2011)). There is a strong presumption of finding FLSA settlements fair and reasonable. Stokes v. Gulf Distrib. Co. of Mobile, LLC, No. CV 17-0443-WS-M, 2018 WL 1881265 *3 (S.D. Ala. Apr. 19, 2018). "Such deference is warranted because "the Court is generally not in as good a position as the parties to determine the reasonable of an FLSA settlement" and "[i]f the parties are represented by competent counsel in an adversary context, the settlement they reach, will almost by definition, be reasonable."" Id. (quoting Bonetti v. Embarq Management Co., 715 F.Supp. 2d 1222, 1227 (M.D. Fla. 2009).

Ivy's first Settlement Agreement contained a release that was overbroad, which made the Settlement Agreement unfair and unreasonable. The reason it was overbroad is that it required Ivy to release any and all claims known or unknown to him under "the Americans with Disabilities Act, the Family and Medical Leave Act, the Employee Retirement Income Security Act, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 1981, the Age

Discrimination in Employment Act, the Alabama Age Discrimination in Employment Act, the Consolidated Omnibus Reconciliation Act … and the Employee Retirement Income Security Act…and any state law causes of action for fraud, breach of contract, negligence, wantonness, outrage and invasion of privacy." (Doc. 8-1 at p. 3-4). The parties have amended the Settlement Agreement to remove the mention of any potential law that Ivy may bring a claim against Bless of God other than the FLSA. The parties make clear in the Settlement Agreement that it only pertains to claims that may be alleged under the FLSA.

Although the parties narrowed the scope of the Settlement Agreement, the Court finds issue with two provisions in the Settlement Agreement. The first provision is paragraph 7.b. The parties state that "[t]he time periods and/or dates described in this Settlement Agreement are subject to change by written agreement of the Parties." (Doc. 10-1 at p. 5). The Court can only assess the reasonableness and fairness of a settlement agreement when it is in its final form. See Rismay v. Ajanta, LLC, No. 618CV1979ORL40KRS, 2019 WL 2527306, at *2 (M.D. Fla. Feb. 25, 2019) ("The Court cannot find an agreement to be fair and reasonable unless it is in final form, with no opportunity for amendment. To hold otherwise would leave the parties free to circumvent Lynn's Food review through *post hoc* modifications of an already-approved agreement."). So, the Court does not approve this paragraph.

The second provision is the choice of law in paragraph 7.e. The paragraph reads "[t]his Settlement Agreement shall be construed, enforced, and administered in accordance with the laws of the State of Alabama." (Doc. 10-1 at p. 5). The FLSA is governed by federal law, not state law. See Hathaway v. Hemp Hop, LLC, No. 6:21-CV-649-RBD-GJK, 2022 WL 2305989, at *4 (M.D. Fla. Mar. 7, 2022), report and recommendation adopted, No. 6:21-CV-649-RBD-GJK, 2022 WL 2305981 (M.D. Fla. Apr. 11, 2022) ("The Agreement contains a choice of law

clause agreeing that "the law governing the creation, interpretation, and enforcement of this Agreement is the law of the State of Florida…The FLSA is a federal provision and settlement agreements made under the FLSA provision are governed by federal law."). Because of this, the Court does not approve this paragraph of the Settlement Agreement.

The Court finds with the exception of these two paragraphs, that the Settlement Agreement is fair and reasonable.

**b. Attorney's Fees**

Previously, the Court indicated that the parties did not provide information on how the attorney's fees were negotiated. (Doc. 9 at p. 7-8). The Court allowed Ivy to submit the requisite information to determine whether the attorney's fees are reasonable. (Id.). In Ivy's Amended Supplemental Notice of Dismissal, Ivy states that Plaintiff's counsel will receive $4,282.50 in fees and $717.50 to cover costs. (Doc. 10 at p. 2). Plaintiff's counsel states that this amount reflects a "66.51% reduction of his lodestar amount of fees in this settlement." (Id. at p. 3).

The FLSA permits the recovery of reasonable attorney's fees. 29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."). "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that on conflict of interest taints the amount the wronged employee recovers under a settlement agreement." Silva v. Miller, 307 Fed. Appx. 349, 352 (11th Cir. 2009). "[C]ourts consider whether the fees were negotiated separately and apart from a plaintiff's settlement of the FLSA claims." Pleasants v. Pilot Catastrophe Servs., Inc., No. CV 23-00132-

KD-MU, 2024 WL 1892296 *6 (S.D. Ala. Apr. 30, 2024) (citing Wing v. Plann B Corp., 2012 WL 4746258 *4 (M.S. Fla. 2012)).

Reasonable attorney's fees are calculated by multiplying "the number of hours reasonably expended…by the customary fee charged in the community for similar legal services to reach a sum commonly referred to as the "lodestar."" Ass'n of Disabled Americans v. Neptune Designs, Inc., 469 F.3d 1357, 1359 (11th Cir. 2006) (citation omitted). Courts can also use its own knowledge and experience on proper attorney's fees and may exercise independent judgment. Norman v. Hous. Auth. of City of Montgomery, 836 F.2d 1292, 1303 (11th Cir. 1988) (citation omitted).

In the Amended Notice of Settlement, Ivy's counsel states that he expended 23.25 hours on the case. (Doc. 10 at p. 2-3). This amount of hours with his typical hourly rate of $550 based on his 32 years of experience would result in attorney's fees totaling $12,787.00. (Id.). However, in an effort to compromise and give Ivy a favorable result, Ivy's counsel agreed to take a significant reduction in his fee and only receive $4,282.50.

Because Ivy's counsel compromised in order for the case to settle and agreed to a significantly lesser amount for the attorney's fee, the lodestar calculation is not necessary. The Court finds, in its independent judgment, the amount requested of $4,282.50 is reasonable. Therefore, Arnold is awarded a reasonable attorney fee of $4,282.50.

Ivy's counsel also requests reimbursement for costs in the amount of $717.50. (Doc. 10 at p. 3). The Court may award such costs as found in 28 U.S.C. §1920. Thus, costs of $717.50 are awarded.

## II. Conclusion

For the reasons stated above, the Amended Notice of Settlement and Settlement Agreement is **APPROVED** with the exception of paragraphs 7.b. and 7.e. of the Settlement Agreement. This action is thereby **DISMISSED with prejudice.**

A separate entry of Judgment shall be entered this day in accordance with Federal Rule of Civil Procedure 58(a).

**DONE** and **ORDERED** this **3rd day** of **September 2026.**

**s/ Kristi K. DuBose**
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**